IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MINHA F. HUSAINI, | ) CIVIL NO. 20-00355 JAO-WRP |
| | ) |
| Plaintiff, | ) ORDER (1) DISMISSING COMPLAINT |
| | ) AND (2) DENYING WITHOUT |
| vs. | ) PREJUDICE APPLICATION TO |
| | ) PROCEED IN FORMA PAUPERIS |
| CADUCEUS HEALTHCARE INC, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| _____ | ) |

ORDER (1) DISMISSING COMPLAINT AND
(2) DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED
IN FORMA PAUPERIS

On August 17, 2020, pro se Plaintiff Minha F. Husaini ("Plaintiff") filed a

document titled "Application for Preliminary Injunction Pending a Quo Warranto

Pursuant to Rule 65 B for Violations of 29 U.S.C. 12102[,] 5 U.S.C. 7116, 42

U.S.C. 12102[,] 18 USC 242, 18 USC 47[;] Request for Sua Sponte Order of

Receivership of Caduceus Healthcare Inc, Its Subsidiaries, and Parent Company

for Public Monies Allocated for the Costs Associated with COVID-19 and Any

Disaster Funding[,] 40 U.S. Code § 3144[,] HIRev Stat § 707-786 (2013) 1-5,"

construed as a Complaint, naming the following Defendants:  Caduceus Healthcare

Inc. ("Caduceus"); Andres D'Argent, as an individual and in his official capacity;

United States of America Center for Disease Control and Prevention ("CDC");

Robert R. Redfield, as an individual and in his official capacity; United States

Public Health Services ("USPHS"); Paul Kitsutani, Noemi Guzman, Michelle

Calio, Jamie Mells, Linda Mitchell, Laura Miranda, Carlos M. Lopez, Jen Frendel,

and Lauri Mandanay, all in their individual and official capacities; and Does "1-

∞." ECF No. 1. On August 18, 2020, Plaintiff filed an Application to Proceed in

District Court without Prepaying Fees or Costs ("Application" or "IFP

Application"). ECF No. 6. For the following reasons, the Court DISMISSES the

Complaint with leave to amend and DENIES WITHOUT PREJUDICE the

Application.

## **<u>BACKGROUND</u>**

As best the Court can discern, Plaintiff's largely confusing and almost

entirely conclusory Complaint asserts the following. When Plaintiff worked for

Caduceus, it failed to issue (1) employee handbooks to her and denied that she was

an "employee," but rather insisted that she was a "temporary"; and (2) pay

documents showing taxes and deductions. ECF No. 1 at 5. Plaintiff also appears

to take issue with the fact that when she was in Atlanta, Caduceus had distributed

cash, even though "[t]he United States Code clearly states that all payments [are

to] be paid electronically." *Id.* at 9.

Plaintiff does not identify the position she held or where she worked, but references the "Honolulu International Airport Quarantine" and asserts that she had direct contact with the public. *Id.* at 6–7. Between March 10, 2020 and early April 2020, Plaintiff and other Caduceus "team members" purportedly did not receive any personal protection equipment ("PPE"). Instead, Kitsutani, a "Medical Officer" and "Officer in Charge" with either the CDC or USPHS (it is unclear which), instructed them to make or bring their own masks, even though there were boxes of PPE available to CDC, USPHS, and other federal employees. *Id.* Plaintiff further alleges that because Kitsutani, Guzman (a CDC employee), and four other USPHS officers (collectively, "Officer Defendants") chose to not implement CDC protocol such as social distancing, issuance of PPE, and sanitation of work areas, their reckless management caused exposure that might cause problems at a later date. *See id.* at 7.

According to Plaintiff, other CDC employees, including Defendants Mells and Calio, conspired with Guzman to cover their non-compliance with agency guidelines and that in violation of OSHA standards, Guzman disposed of biohazard wet waste in regular waste. *See id*. Plaintiff asserts that she "never received OSHA information or informed of the OSHA Compliance Officer, MSDS (Material Data Safety Sheet)[,] MSDS protocols or any statutory postings, emergency evacuation protocols pertaining to exposure or simple rights." *Id*.

Additionally, Plaintiff avers that when she was in Hawaiʻi with a "team" at some unspecified time, she stayed at a YMCA Hostel where she was bitten by bedbugs.  Plaintiff accuses the Officer Defendants of failing to notify local officials about this issue despite receiving notice from the "team leader."  Further, Plaintiff was nevertheless required to report to work and the next day, the "team leader" was fired.  *Id.* at 8.  Plaintiff claims she was then fired without notice and is stranded in Hawaiʻi without return transportation.  *See id*.  Plaintiff accuses Guzman of firing anyone with whom she disagrees.  *See id*.

Plaintiff alleges that Caduceus (1) committed multiple and ongoing acts of fraud, conspiracy, and collusion with, through, and by their employees, and (2) operated on land without permission from various sovereign entities.[1]  *See id.* at 5.  She also alleges that D'Argent, Mitchell, Lopez, Frenzel,[2] and Miranda—it is unclear whether they are all Caduceus employees—"conspired in unfair labor practices, fraud, conversion of personal property, wrongful termination, violations

---

[1]  Plaintiff alleges that the land upon which Caduceus operates is "extraterritorial to the United States of America Corporation[] and secured by The Carolina Treaty 1663 and 1665 [which was signed by King Charles II].  It is additionally covered by treaties held by the IVRI Paleo Indigenous people of the Americas," and that "[p]ublic [n]otice of the foregoing was published in Fulton County, Georgia."  ECF No. 1 at 5.  However, it is unclear how this bears on any claims against Caduceus.

[2]  Plaintiff's caption identifies a "Frendel" instead of "Frenzel."  ECF No. 1 at 2.

of federally protected rights, retaliation for whistle-blowing concerning a federal emergency program, verbally abusive behavior which was threatening and aggressive." *Id.* at 6, 7.

Plaintiff asserts that all Defendants (1) violated her federally protected civil rights, (2) committed acts of ADA abuse and violated HIPPA,[3] (3) filed fraudulent documents to, with, and on behalf of the CDC, (4) violated her employment privacy, and (5) committed financial abuse. Plaintiff also states that Defendants "have violated rules and continue to demonstrate a pattern and practice of abusive[] and unlawful practices." *Id.* at 9.

Plaintiff requests the following relief: (1) that Defendants pay her actual damages, (2) that the Court revoke a certain certification of Caduceus, (3) that Defendants be enjoined from using the domain www.cadgov.com, (4) that Defendants be ordered "to meet obligations," (5) that Defendants pay "all lost wages, earnings, per diem according to contract at $2000[] per pay cycle and that they times five," (6) that Defendants be fined and banned from "participating in as an employee or vender in any and all public funding," (7) that Defendants be

---

[3] Presumably, Plaintiff intended to state "HIPAA," the Health Insurance Portability and Accountability Act. Notably, however, "[t]here is no express or implied private cause of action contained in HIPAA." *Robinson v. Tripler Army Med. Ctr.*, CIV. NO. 04-00672 HG-KSC, 2005 WL 8158959 (D. Haw. 2005) (citing *Logan v. Dep't of Veterans Affs.*, 357 F. Supp. 2d 149, 155 (D.D.C. 2004) (other citation omitted).

expatriated "to their mother land" and not be on private property, (8) that

Defendants be referred to the United States Attorney for prosecution, and (9) that

Defendants be "placed on a list for the abuse of the disabled." *Id.* at 11. She

further asks "that all books be audited and that all funds which are given to the

agencies through Caduceus Healthcare be placed in receivership." *Id.* at 9.

## DISCUSSION

### A.   Dismissal of the Complaint under the In Forma Pauperis Statute — 28 U.S.C. § 1915(e)(2)

Plaintiff requests leave to proceed in forma pauperis. A court may deny

leave to proceed in forma pauperis at the outset and dismiss the complaint if it

appears from the face of the proposed complaint that the action: (1) is frivolous or

malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks

monetary relief against a defendant who is immune from such relief. *See* 28

U.S.C. § 1915(e)(2); *see also Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368,

1370 (9th Cir. 1987); *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir.

1998). When evaluating whether a complaint fails to state a viable claim for

screening purposes, the Court applies FRCP Rule 8's pleading standard as it does

in the context of an FRCP Rule 12(b)(6) motion to dismiss. *See Wilhelm v.

Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).

Rule 8(a) requires "a short and plain statement of the grounds for the

court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)–(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). "The Federal Rules require that averments 'be simple, concise and direct.'" *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(e)(1)). Although Rule 8 does not call for detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

Here, even construing the Complaint liberally, *see Eldredge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed federal courts to liberally construe the 'inartful pleading' of pro se litigants.'" (citation omitted)),

7

the Court finds that dismissal is appropriate because the Complaint fails to state a claim upon which relief can be granted.  Although Plaintiff references various federal and state statutes in the title of her Complaint, some of which do not exist, she fails to identify how Defendants violated those statutes.

Notably, following Plaintiff's Complaint is (1) her Declaration, (2) a Memorandum in Support of Application [for a Preliminary Injunction and Quo Warranto],[4] (3) a list of various exhibits, (4) a proposed order, (5) another memorandum regarding what appears to be the sovereignty of various land in North America, and (6) another Declaration by Plaintiff.  *See* ECF No. 1 at 11–45.  Plaintiff also attaches multiple exhibits to her Complaint.  *See* ECF Nos. 1-1 through 1-5.  While the information therein might substantiate her allegations, "it is not the Court's responsibility to comb through the exhibits attached to a *pro se* complaint in an attempt to discern possible claims for relief."  *Hall v. Shipley*, No. CV-19-04858-PHX-DWL, 2019 WL 3718887, at *2 (D. Ariz. Aug. 7, 2019) (citation omitted); *see also Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (concluding dismissal under Rule 8 was not an abuse of discretion where the complaint was "verbose, confusing and conclusory").

---

[4]  Any requests for relief must be presented separately by a formal, properly supported motion.  The Court will not act on requests for injunctive relief in the pleadings.

The Ninth Circuit has explained why requiring concise and direct allegations in a complaint is so important, and the troubles that befall litigants and courts if claims proceed on inadequately pled complaints:

> Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges.  As a practical matter, the judge and opposing counsel, in order to perform their responsibilities, cannot use a complaint such as the one plaintiffs filed, and must prepare outlines to determine who is being sued for what.  Defendants are then put at risk that their outline differs from the judge's, that plaintiffs will surprise them with something new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be different from what they reasonably expected.
>
> . . . .
>
> The judge wastes half a day in chambers preparing the "short and plain statement" which Rule 8 obligated plaintiffs to submit.  He [or she] then must manage the litigation without knowing what claims are made against whom.  This leads to discovery disputes and lengthy trials, prejudicing litigants in other case[s] who follow the rules, as well as defendants in the case in which the prolix pleading is filed.

*McHenry*, 84 F.3d at 1179–80.  As pled, Plaintiff's allegations do not articulate causes of action, nor explain how each Defendant caused her harm.

In light of the Complaint's deficiencies and failure to state a claim upon which relief can be granted, it is hereby dismissed.  Leave to amend should be granted even if no request to amend the pleading was made, unless the Court determines that the pleading could not possibly be cured by the allegation of other facts.  *See Lopez*, 203 F.3d at 1130; *Tripati*, 821 F.2d at 1370.  Specifically, pro se litigants proceeding in forma pauperis "must also be given an opportunity to

amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Tripati*, 821 F.2d at 1370 (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984) (internal quotation marks omitted)); *see Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (noting that if a complaint is dismissed for failure to state a claim, the court must "freely grant leave to amend" if it is "at all possible" that the plaintiff could correct pleading deficiencies by alleging different or new facts).

Notwithstanding the foregoing deficiencies, the Court acknowledges that Plaintiff is proceeding pro se and it is possible that the deficiencies could be cured by amendment.  Accordingly, the Court dismisses the Complaint without prejudice and grants Plaintiff leave to amend her Complaint.  Any amended complaint— which should be titled "First Amended Complaint"—must be filed by **October 2, 2020** and must cure the deficiencies identified above; that is, Plaintiff must identify her claim(s), organize the amended pleading by claim, and provide the applicable law and facts alleging the harm caused by each Defendant.  Plaintiff must also comply with all rules governing pleadings.  Failure to timely file an amended pleading that fully complies with this order will result in the automatic dismissal of this action.

B.      **IFP Application**

The Court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. *See* 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948)). Absolute destitution is not required to obtain benefits under the in forma pauperis statute, but "a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Id.* (citation omitted).

Here, Plaintiff indicates that her only source of income is California unemployment insurance expiring during the week of August 23, 2020.[5] ECF No. 6 at 1. However, although required by the Application, Plaintiff did not disclose the total amount of benefits she received in the past 12 months. Without this information, the Court cannot ascertain whether she is sufficiently impoverished.

For these reasons, the Court DENIES WITHOUT PREJUDICE Plaintiff's IFP Application. If Plaintiff wishes to resubmit an Application addressing the

---

[5] If Plaintiff earned any wages from the job from which she claims she was terminated, she must disclose the amount.

11

identified deficiency, she must do so by **October 2, 2020**.  Plaintiff must provide

all information requested in the Application; in particular, the amount of

unemployment benefits received in the past 12 months, and any other income she

may have received since filing her Application or expects to receive.  If Plaintiff

does not intend to seek IFP status, she must pay the applicable filing fee by

**October 2, 2020**.  Failure to file another IFP Application or submit the applicable

filing fee by **October 2, 2020** will result in the dismissal of this action.

## CONCLUSION

In accordance with the foregoing, the Court:  (1) DISMISSES the Complaint

with leave to amend and (2) DENIES WITHOUT PREJUDICE Plaintiff's

Application.

If Plaintiff elects to file an amended complaint, she must comply with the

following requirements:

(1)    Plaintiff's deadline to file an amended complaint is **October 2, 2020**;

(2)    Plaintiff's amended complaint should be titled "First Amended Complaint"; and

(3)    Plaintiff must cure the deficiencies identified above, including providing sufficient facts and law and complying with all rules governing pleadings.

Plaintiff is cautioned that failure to timely file an amended pleading that conforms with this Order <u>and</u> timely file an IFP Application or pay the filing fee will result in the automatic dismissal of this action.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, September 2, 2020.



_____

Jill A. Otake
United States District Judge

*Husaini v. Caduceus Healthcare, Inc, et al.*, CIVIL NO. 20-00111 JAO-RT; Order (1) Dismissing Complaint and (2) Denying without Prejudice Application to Proceed In Forma Pauperis

13