IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MINHA F. HUSAINI,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CADUCEUS HEALTHCARE, INC., et al.,<br><br>　　　　Defendants. | CIVIL NO. 20-00355 JAO-WRP<br><br>**ORDER DISMISSING ACTION** |

## **ORDER DISMISSING ACTION**

Pro se Plaintiff Minha F, Husaini ("Plaintiff") commenced this action on August 17, 2020.  On September 2, 2020, the Court issued an Order (1) Dismissing Complaint and (2) Denying Without Prejudice Application to Proceed In Forma Pauperis ("Order").  ECF No. 10.  The Court dismissed the Complaint for failure to state a claim upon which relief could be granted and authorized leave to file an amended complaint by October 2, 2020.  *Id.* at 7–8, 10.  Additionally, the Court denied without prejudice Plaintiff's Application to Proceed In Forma Pauperis ("IFP Application") due to her failure to provide requisite information.  *Id.* at 11.  The Court cautioned Plaintiff that her failure to timely file an amended pleading that conforms with the Order and file an IFP Application or pay the filing fee would result in the automatic dismissal of the action.  *Id.* at 13.

To date, Plaintiff has not filed an amended complaint, nor an IFP Application or the filing fee. Courts do not take failures to prosecute and failures to comply with Court orders lightly. Federal Rule of Civil Procedure ("FRCP") 41(b) authorizes the Court to sua sponte dismiss an action for failure "to prosecute or to comply with [the federal] rules or a court order." Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). Unless the Court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits. Fed. R. Civ. P. 41(b).

To determine whether dismissal is appropriate, the Court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)). Although the Court recognizes that Plaintiff is proceeding pro se, he is not exempt from complying with all applicable rules. Local Rule 81.1(a) ("Pro se litigants shall abide by all local, federal, and other applicable rules and/or statutes.").

In view of Plaintiff's violation of the Court's Order, and failure to prosecute, the Court finds that the *Pagtalunan* factors support dismissal of this action. The

public's interest in expeditious resolution of this litigation strongly favors dismissal, *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)) ("The public's interest in expeditious resolution of litigation always favors dismissal.") (quotations omitted), as does the Court's need to manage its docket.  *Id.* (citing *Ferdik*, 963 F.2d at 1261).  Moreover, there is no risk of prejudice to Defendants, as they have yet to be served.  Finally, there are currently no less drastic alternatives available.  This case cannot proceed without an operative pleading.

The Court concedes that the public policy favoring disposition of cases on their merits weighs against dismissal.  However, considering the totality of the circumstances and because all of the preceding factors favor dismissal, this factor is outweighed.

## CONCLUSION

For the reasons stated herein, this action is HEREBY DISMISSED.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaiʻi, October 6, 2020.



Jill A. Otake
United States District Judge

CIVIL NO. 20-00355 JAO-WRP; *Husaini v. Caduceus Healthcare, Inc., et al.*; ORDER DISMISSING ACTION